IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERIC FABIAN CRUZ,<br>　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　　　　　　Respondent. | No.　3:17-CV-2164-D-BF<br>　　　(3:15-CR-0474-D)<br><br>**Referred to U.S. Magistrate Judge** |

## RESPONSE TO 28 U.S.C. § 2255 MOTION

Cruz moves the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The government opposes Cruz's motion because his claim—that his Texas aggravated assault convictions are not career offender predicates—was decided against him on direct appeal and cannot be relitigated here.  Similarly, his related ineffective-assistance-of-counsel claim fails because even under a *de novo* standard of review, the Fifth Circuit would have affirmed his sentence.

**1.　BACKGROUND**

**　　A.　Statement of the Case**

On January 29, 2016, Cruz pled guilty to four counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (CR Dkt. Nos. 26, 28.) [1]  On June 17, 2016, the Court

---

[1] Citations to "CR Dkt. No. _" refer to the docket of the underlying criminal proceeding, *United States v. Cruz*, Case No. 3:15-CR-0474-D.  Documents filed in the section 2255 action are cited "CV Dkt. No. _."  Other documents will be referenced by title.

sentenced him to 188 months' imprisonment.  (CR Dkt. No. 36.)  Cruz filed a direct appeal, and the Fifth Circuit affirmed his sentence on June 23, 2017.  *United States v. Cruz*, 691 F. App'x 204 (5th Cir. 2017).  He then filed a petition for writ of certiorari, which was denied on October 30, 2017.  *Cruz v. United States*, -- S. Ct. --, 2017 WL 4569841 (2017).  Cruz prematurely filed the instant Section 2255 motion on August 15, 2017.  (CV Dkt. No. 1.)   *See Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968) (holding that if a criminal defendant files a Section 2255 motion during the pendency of a direct appeal, the collateral attack is generally considered premature, insofar as the collateral claims are not ripe or an appeal may render the collateral claims moot).  However, now that Cruz's petition for certiorari has been denied and his conviction is final, his claim is ripe for consideration.

      **B.**      **Statement of the Issues**

Cruz claims that the Court should vacate his sentence because his prior Texas convictions for aggravated assault are no longer career-offender predicates in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).  (CV Dkt. No. 1 at 6-8.)  Cruz unsuccessfully argued this issue on direct appeal.  *Cruz*, 691 F. App'x 204, 205 (5th Cir. 2017).  Because his claim was decided on direct appeal, Cruz cannot relitigate it here.

Relatedly, Cruz argues that his attorney was ineffective at sentencing for failing to object to the career offender enhancement and preserve the issue for appellate review.  (CV Dkt. No. 1 at 8.)  However, the Fifth Circuit has upheld the categorization of Texas aggravated assault as a career-offender predicate under de novo review.  *See United*

2

*States v. Garces*, 686 F. App'x 252 (5th Cir. 2017); *United States v. Guillen-Alvarez*, 489 F.3d 197 (5th Cir. 2007). Thus, Cruz cannot demonstrate prejudice from counsel's failure to object at sentencing. For these reasons, the Court should deny his Section 2255 motion.

  C. **Statement of Facts**

  Acting on a tip that a person known as "Rex" was selling methamphetamine and guns from a house in Dallas, agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives used a confidential source to purchase 1.25 ounces of methamphetamine and a Sig Sauer .380-caliber pistol from Cruz. (PSR ¶¶ 8-9.) A week later, the source bought 25 grams of methamphetamine and a Glock .40-caliber pistol from Cruz. (PSR ¶ 11.) The source again bought 107.9 grams of methamphetamine from Cruz the following day. (PSR ¶ 12.) Agents subsequently arrested Cruz and searched the house, finding more methamphetamine, Alprazolam pills, two pistols, and a 7.62-caliber rifle with a high-capacity magazine. (PSR ¶ 14.)

  A grand jury charged Cruz in a five-count indictment with three counts of distribution of methamphetamine, one count of possession of methamphetamine with intent to distribute, and one count of being a felon in possession of a firearm. (CR Dkt. No. 10.) Cruz initially agreed to plead guilty to two counts pursuant to a written plea agreement that contained an appellate waiver and obligated the government to dismiss the other three counts. (*See* CR Dkt. Nos. 18-19.) Before the court conducted rearraignment, however, Cruz filed a notice that he wished to withdraw the plea documents and intended

to plead guilty to the indictment. (CR Dkt. Nos. 25-26.) Cruz pled guilty to all five counts of the indictment. (CR Dkt. No. 43 at 20-21.)

Among the six prior convictions detailed in the PSR were two for aggravated assault with a deadly weapon. (PSR ¶¶ 42-43.) The PSR found that Cruz qualified as a career offender because his two aggravated assault convictions were crimes of violence. (PSR ¶ 35.) The quantity of drugs involved and firearm enhancement combined to produce an offense level of 34; therefore, the career-offender designation did not increase the offense level. (PSR ¶¶ 29-34.) It did, however, bump him up from criminal history category V to VI. (PSR ¶ 46.) After applying the acceptance-of-responsibility reduction, the PSR calculated an advisory guideline range of 188 to 235 months. (PSR ¶ 80.)

Cruz made no objections to the PSR. (CR Dkt. No. 42 at 4.) After considering counsel's arguments and the statements of Cruz and two others on his behalf, the Court concluded that a sentence at the bottom of the guidelines range was appropriate. (*Id*. at 14-18.) The court imposed concurrent 188-month sentences on Counts One, Two, Three, and Four. (*Id*. at 14.) It imposed a concurrent sentence of 120 months on Count Five. (*Id*.)

2.   **STANDARD OF REVIEW**

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence. It provides four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack." 28

U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted).

After a guilty verdict and exhaustion of a defendant's right to appeal, the court is "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post-conviction collateral attacks.  To the contrary, a final judgment commands respect." *United States v. Frady*, 456 U.S. 152, 164-65 (1982).

Consequently, issues that can be presented in a Section 2255 motion are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. *See Shaid*, 937 F.2d at 232.  As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

*United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Claims that counsel was ineffective allege a constitutional violation that can be raised under Section 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003).  To prevail on an ineffective assistance of counsel claim, the movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S.

668, 687 (1984). This standard applies regardless of whether the movant pled guilty or not guilty. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Strickland*, 466 U.S. at 697.

The petitioner must first prove his counsel's performance was deficient. Simply making "conclusory allegations" is insufficient. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). The petitioner must identify specific acts or omissions that were not the result of reasonable professional judgment. *Strickland*, 466 U.S. at 690. This "scrutiny . . . must be highly deferential" and "requires that every effort be made to eliminate the distorting effects of hindsight[.]" *Id.* at 689. This is because it is "all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission . . . was unreasonable." *Id.* The Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case" and "evaluate [that] conduct from counsel's perspective at the time." *Id.* at 689-90. To that end, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotations and citations omitted).

Second, a petitioner must prove that his attorney's deficient performance prejudiced his case. *Id.* This requires showing "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v.*

6

*Fretwell*, 506 U.S. 364, 372 (1993). There is no prejudice if the deficient performance did not "deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* Put another way, a petitioner must prove that but for counsel's errors, "there is a reasonable probability that" the result of the proceeding would have been different. *Strickland*, 466 U.S. at 693-94; *United States v. Bartholomew*, 974 F.2d 39, 41-42 (5th Cir. 1992).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The claim fails if the petitioner does not satisfy either the deficient-performance prong or the prejudice prong. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). And a court need not address both components if there is an insufficient showing on one. *Id.*

**3.     ARGUMENT AND ANALYSIS**

> **On direct appeal, the Fifth Circuit rejected Cruz's claim that his prior Texas aggravated assault convictions were not career-offender predicates, and he cannot relitigate that claim here. Nor can he demonstrate that counsel was constitutionally ineffective for failing to object to his career-offender classification at sentencing.**

Cruz argues that following the Supreme Court's decision in *Mathis* and the Fifth Circuit's decision in *Hinkle*, his prior Texas aggravated assault convictions can no longer be considered crimes of violence under the career offender guideline. (CV Dkt. No. 1 at 6-8.) This issue was decided on direct appeal. The Fifth Circuit held that Cruz's prior aggravated assault convictions qualified as crimes of violence under the career offender guideline because "a Texas aggravated assault conviction constitutes the enumerated 'aggravated assault' offense" and it "satisfies [Section] 4B1.2(a)(1)'s force-as-an-element

7

clause." *Cruz*, 691 F. App'x at 205. Cruz now seeks yet another bite at the apple. However, "[i]t is [well] settled . . . that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in [Section] 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). Thus, Cruz's claim is precluded and cannot be relitigated here.

Relatedly, Cruz claims that his counsel was constitutionally ineffective for failing to object to the career-offender enhancement at sentencing and preserve the claim for direct appeal. (*Id*. at 8.) He contends that his appeal would have been successful under a higher standard of review. However, he is mistaken. The Fifth Circuit has affirmed the categorization of Texas aggravated assault as a career-offender predicate under de novo review. *See United States v. Garces*, 686 F. App'x 252 (5th Cir. 2017); *United States v. Guillen-Alvarez*, 489 F.3d 197 (5th Cir. 2007). Thus, even if counsel had preserved the claim for appellate review, the outcome of Cruz's appeal would have been the same. As a result, he cannot demonstrate the requisite prejudice. *See Strickland*, 466 U.S. at 694 (finding that to prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Thus, Cruz's ineffective-assistance-of-counsel claim fails. *See Stewart,* 207 F.3d at 751 (holding that "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one").

## 4. CONCLUSION

For the above-stated reasons, the government respectfully asks the Court to deny Cruz's Section 2255 motion.

>Respectfully submitted,
>
>John R. Parker
>United States Attorney
>
>*s/Amy J. Mitchell*
>AMY J. MITCHELL
>Assistant United States Attorney
>Texas Bar No. 24029734
>Oklahoma Bar No. 17674
>1100 Commerce Street, Third Floor
>Dallas, TX 75242
>Telephone: 214.659.8771
>Facsimile: 214.659.8802

## CERTIFICATE OF SERVICE

I certify that on November 14, 2017, I filed this response with the clerk of court for the U.S. District Court, Northern District of Texas. I also certify that a copy of this response was sent to Eric Fabian Cruz, Register No. 50182-177, FCI Victorville - Medium II, P.O. Box 3850, Adelanto, CA 92301, by certified mail.

>*s/Amy J. Mitchell*
>AMY J. MITCHELL
>Assistant United States Attorney