IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC FABIAN CRUZ, § | | |
|     Movant, § | | |
| § | | 3:17-cv-2164-D (BT) |
| v. § | | 3:15-cr-0474-D (BT) |
| § | | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Eric Cruz, a federal prisoner, filed a motion under 28 U.S.C. § 2255 to vacate, set-aside, or correct his federal sentence. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DENY the Movant's request for relief.

I.

Movant pleaded guilty to four counts of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On June 17, 2016, the District Court sentenced him to 188 months in prison. The Fifth Circuit Court of Appeals affirmed Movant's sentence on June 23, 2017, *United States v. Cruz*, 691 F. App'x 204 (5th Cir.

2017) (per curiam), and on October 30, 2017, the Supreme Court denied certiorari, *Cruz v. United States*, 138 S. Ct. 411 (2017).

On July 27, 2017, Movant filed his § 2255 motion, arguing: (1) his career-offender enhancement under § 4B1.1 of the sentencing guidelines was unlawful; and (2) he received ineffective assistance of counsel when counsel failed to challenge the career-offender enhancement.

II.

**1.     Sentence Enhancement**

Movant challenges the enhancement of his sentence under the career-offender provision in U.S.S.G. § 4B1.1. He argues his two prior Texas convictions for aggravated assault do not qualify as crimes of violence under the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the Fifth Circuit's decisions in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017).[1] Movant argues the convictions therefore cannot be used to enhance his sentence.

---

[1]     In *Mathis*, the Supreme Court outlined the process by which a district court should determine, for the purposes of the Armed Career Criminal Act ("ACCA"), if a defendant's prior state court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). In *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), the Fifth Circuit applied *Mathis* to hold that the Texas crime of possession with intent to deliver a controlled substance was no longer a controlled substance offense under U.S.S.G. § 4B1.1. Similarly, in *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016), the Fifth Circuit determined that the Texas crime of delivery of a controlled substance did not qualify as a controlled substance offense under 4B1.1.

> Under U.S.S.G. § 4B1.1(a):
>
>> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offence of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a)

Under U.S.S.G. § 4B1.2(a), the term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year that:

> (1)   has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)   is burglary of a dwelling, arson, or extortion, involves explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

On direct appeal, Movant also argued that his Texas aggravated assault convictions did not qualify as crimes of violence under § 4B1.1. The Fifth Circuit rejected this argument. First, the court found that the residual clause under 4B1.2(a)(2) could not be challenged as void for vagueness. *Cruz*, 691 F. App'x at 205 (citing *Beckles v. United States*, 137 S. Ct. 886,

3

892 (2017). The court also found that aggravated assault was one of the enumerated offenses under §4B1.2(a)(2). *Id.* (citing *United States v. Guillen-Alvarez*, 489 F.3d 197, 199-201 (5th Cir. 2007) and *United States v. Rayo-Valdez*, 302 F.3d 314, 318 (5th Cir. 2002)). Finally, the court found that aggravated assault satisfies the force clause under § 4B1.2(a)(1). *Id.* (citing *United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017)). Movant cannot relitigate these claims in his § 2255 motion. *See United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). Further, Movant cites no authority finding that Texas aggravated assault does not qualify as a predicate offense under § 4B1.1. His claim should be denied.

**2.   Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Movant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Movant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland,* the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a movant must prove prejudice. To prove such prejudice, Movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Movant argues his counsel was ineffective when counsel failed to object to the career-offender enhancement and preserve the claim for appeal. Movant's claim is without merit. Although the Fifth Circuit reviewed the claims in his direct appeal for plain error, the Fifth Circuit has also reviewed the same §4B1.1 claims *de novo* and found them to be without merit. *See United States v. Garces*, 686 F. App'x 252 (5th Cir. 2017) (per curiam). Movant therefore cannot show that his counsel was deficient or that he suffered the required *Strickland* prejudice.

III.

For the foregoing reasons, the District Court should DENY the § 2255 motion to vacate, set-aside, or correct Movant's sentence.

Signed November 2, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).